FILED

10 JAN 15 PM 1:22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

COPY TO BE CONFORMED

1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
    FRED R. PUGLISI, Cal. Bar No. 121822
2        fpuglisi@sheppardmullin.com
    VALERIE E. ALTER, Cal. Bar. No. 239905
3        valter@sheppardmullin.com
    ELIZABETH S. BERMAN, Cal. Bar No. 252377
4        eberman@sheppardmullin.com
    1901 Avenue of the Stars, Suite 1600
5   Los Angeles, California  90067-6017
    Telephone:   (310) 228-3700
6   Facsimile:   (310) 228-3701

7   SHEPPARD MULLIN RICHTER & HAMPTON LLP
    JAMES MITTERMILLER, Cal. Bar No. 85177
8        jmittermiller@sheppardmullin.com
    FRANK POLEK, Cal. Bar No. 167852
9        fpolek@sheppardmullin.com
    501 West Broadway, 19th Floor
10  San Diego, California  92101-3598
    Telephone:   619-338-6500
11  Facsimile:   619-234-3815

12
    Attorneys for Defendants
13  NEXTEL OF CALIFORNIA, INC., NEXTEL
    SYSTEMS CORPORATION dba NEXTEL LEASING
14  SYSTEMS CORPORATION, NEXTEL
    OPERATIONS, INC. and SPRINT
15  COMMUNICATIONS COMPANY, L.P.,
    and Specially Appearing Defendant
16  SPRINT NEXTEL CORPORATION

17              UNITED STATES DISTRICT COURT

18            CENTRAL DISTRICT OF CALIFORNIA

19                    WESTERN DIVISION

20  ERIC HERSHLER, on behalf of          Case No.  CV10-00318
21  himself and all others similarly situated,
                                         CLASS ACTION
22              Plaintiff,
                                         (1)  DEFENDANTS' NOTICE OF
23         v.                                 REMOVAL OF ACTION; AND

24  SPRINT NEXTEL CORPORATION, a         (2)  DECLARATION OF SCOTT W.
    Kansas Corporation; NEXTEL OF             ANDREASEN IN SUPPORT
25  CALIFORNIA, INC. a Delaware               THEREOF.
    Corporation; NEXTEL SYSTEMS
26  CORPORATION dba NEXTEL              Complaint Filed:  December 10, 2009
    LEASING SYSTEMS                     First Served:     December 16, 2009
27  CORPORATION, a Delaware
    Corporation, NEXTEL OPERATIONS,
28  INC., a Delaware Corporation, SPRINT

COMMUNICATIONS COMPANY,
INC., a Delaware Corporation, and
DOES 1-50, inclusive,

Defendants.

TO THE ABOVE-CAPTIONED COURT AND TO PLAINTIFF ERIC HERSHLER AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendants NEXTEL OF CALIFORNIA, INC., NEXTEL SYSTEMS CORPORATION dba NEXTEL LEASING SYSTEMS CORPORATION, NEXTEL OPERATIONS, INC., and SPRINT COMMUNICATIONS COMPANY, L.P. (erroneously named "Sprint Communications Company, Inc."), and specially appearing defendant SPRINT NEXTEL CORPORATION (collectively the "**Sprint Entities**")[1] hereby provide notice of the removal to the United States District Court for the Central District of California, Western Division of the following lawsuit filed on December 10, 2009 in the Los Angeles County Superior Court: *Hershler v. Sprint Nextel Corporation, et al.*, Case No. BC427726. The following is a short, plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a).

---

[1] Specially appearing defendant SPRINT NEXTEL CORPORATION joins defendants NEXTEL OF CALIFORNIA, INC., NEXTEL SYSTEMS CORPORATION dba NEXTEL LEASING SYSTEMS CORPORATION, NEXTEL OPERATIONS, INC., and SPRINT COMMUNICATIONS COMPANY, L.P. for purposes of removal only, and challenges this Court's personal jurisdiction over it, the basis of which will be fully set forth in its MOTION TO DISMISS.

1

**I.**

2

**DESCRIPTION OF THE ACTION**

3

4        On December 10, 2009, plaintiff Eric Hershler, on behalf of himself

5   and "all others similarly situated," filed a complaint against the Sprint Entities in the

6   Los Angeles County Superior Court (the "**State Court Action**").  The claims

7   asserted against the Sprint Entities arise out of alleged false advertising in

8   connection with the marketing of the Sprint Entities' cellular phone service,

9   specifically "Sprint Surcharges."[2]  The COMPLAINT alleges causes of action for (1)

10  violation of California's FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE §

11  17500 *et seq.*; (2) violation of CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS.

12  & PROF. CODE § 17200 *et seq.*; (3) violation of California's CONSUMER LEGAL

13  REMEDIES ACT, CAL. CIV. CODE § 1770 *et seq.*; (4) Unjust Enrichment; and (5)

14  Breach of Contract.  *See* COMPLAINT ¶¶ 23-54.  Plaintiff Hershler purports to act on

15  behalf of a putative California plaintiff class of consumers who have purchased

16  wireless service and were charged "Sprint Surcharges" within the four years prior to

17  the filing of this lawsuit.  *See* COMPLAINT ¶ 14.  The nature of the action is more

18  fully stated in the COMPLAINT, a copy of which is attached hereto as part of

19  **EXHIBIT A**.

20

21        The COMPLAINT seeks (1) injunctive relief; (2) monetary relief from the

22  Sprint Entities in the form of restitution and disgorgement of profits; (3) an

23  accounting for all profits derived from the Sprint Entities' business practices alleged;

24

---

25  [2]   "Sprint Surcharges" are rates the Sprint Entities allegedly collect from their
    customers to help defray costs imposed on the Sprint Entities, such as Federal
26  Universal Service charges, regulatory charges, administrative charges, gross
    receipts charges, and other charges incurred to recover costs associated with
27  governmental programs.  "Sprint Surcharges" are not taxes, vary by locale and
    are subject to change.  *See* COMPLAINT ¶ 11.
28

1   (4) damages; (5) recovery of the plaintiffs' attorneys' fees and costs incurred in this

2   action pursuant to CALIFORNIA CODE OF CIVIL PROCEDURE § 1021.5, CALIFORNIA

3   CIVIL CODE § 1760 *et seq.* (the CONSUMER LEGAL REMEDIES ACT), and the private

4   attorney general doctrine; and (6) certification of the class.

5

6       The first of the Sprint Entities to be served with the SUMMONS and

7   COMPLAINT were defendants NEXTEL OF CALIFORNIA, INC., NEXTEL

8   OPERATIONS, INC., and NEXTEL SYSTEMS CORPORATION dba NEXTEL

9   LEASING SYSTEMS CORPORATION on December 16, 2009. Specially

10   appearing defendant SPRINT NEXTEL CORPORATION was served on

11   December 17, 2009. Defendant Sprint Communications L.P. has not been served

12   with process.

13

14       This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §

15   1332(d) (the 2005 CLASS ACTION FAIRNESS ACT).

16

17                       **II.**

18       **BASIS FOR REMOVAL (DIVERSITY JURISDICTION)**

19

20   **A.**     **Diversity Of Citizenship Exists.**

21

22       This action is between citizens of different States. Plaintiff Hershler

23   alleges that he is a resident of the State of California, and purports to represent a

24   class of "[a]ll California citizens who purchased Sprint wireless service and were

25   charged 'Sprint Surcharges'..." *See* COMPLAINT, ¶14 (**EXHIBIT A** hereto). As of

26   the time of filing this NOTICE OF REMOVAL, the Sprint Entities are informed and

27   believe that plaintiff Hershler remains a citizen of the State of California.

28

1    As of the time of filing of this action, defendants NEXTEL OF

2   CALIFORNIA, INC., NEXTEL OPERATIONS, INC., NEXTEL SYSTEMS

3   CORPORATIONS dba NEXTEL LEASING SYSTEMS CORPORATION and

4   specially appearing defendant SPRINT NEXTEL CORPORATION are incorporated

5   in and have their principal places of business in the following states:

6

| ENTITY | STATE OF INCORPORATION | STATE OF PRINCIPAL PLACE OF BUSINESS |
|---|---|---|
| Nextel Of California, Inc | Delaware | Kansas |
| Nextel Operations, Inc. | Delaware | Kansas |
| Nextel Systems Corporation dba Nextel Leasing Systems Corporation | Delaware | Kansas |
| Sprint Nextel Corporation | Kansas | Kansas |

15

16   Declaration Of Scott W. Andreasen ("Andreasen Decl.") ¶¶ 3, 5. As of the time of

17   filing of this action, defendant SPRINT COMMUNICATIONS COMPANY, L.P.

18   (erroneously named "Sprint Communications Company, Inc.") was and still is a

19   Delaware limited partnership with its principal place of business in Kansas . *Id.* ¶ 4.

20   The general and limited partners of SPRINT COMMUNICATIONS COMPANY

21   L.P. and their citizenship as of the time of filing of this action were, and remain, as

22   follows: US Telecom, Inc. is a Kansas corporation with its principal place of

23   business in the State of Kansas; UCOM, Inc. is a Missouri corporation with its

24   principal place of business in the State of Kansas; Utelcom, Inc. is a Kansas

25   corporation with its principal place of business in the State of Kansas; and Sprint

26   International Communications Corp. is a Delaware corporation with its principal

27   place of business in Kansas. *Id.*

28

1    The 2005 CLASS ACTION FAIRNESS ACT provides that "[t]he district

2    courts shall have original jurisdiction of any civil action in which the matter in

3    controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,

4    and is *a class action in which (A) any member of a class of plaintiffs is a citizen of*

5    *a State different from <u>any</u> defendant* . . . ." 28 U.S.C. § 1332(d)(2)(A) (emphasis

6    added).  Thus, only minimal diversity is required; it is sufficient if the plaintiff and

7    only one defendant are citizens of different states.  As a result, the first requirement

8    for diversity jurisdiction exists because plaintiff Hershler and some of the Sprint

9    Entities are citizens of different States.  *See* 28 U.S.C. §§ 1332(c)(1)[3] and

10   1332(d)(2)(A).

11

12   **B.      The Amount In Controversy Exceeds $5,000,000.**

13

14    In the removal context, the assessment of whether the amount-in-

15   controversy requirement is satisfied "is not confined to the face of the complaint."

16   *Valdez v. Allstate Insurance Company*, 372 F.3d 1115, 1117 (9th Cir. 2004).  The

17   appropriate measure of the jurisdictional amount in controversy is "the litigation

18   value of the case assuming that the allegations of the complaint are true and

19   assuming a jury returns a verdict for the plaintiff on all claims made in the

20   complaint."  *Jackson v. American Bankers Insurance Co. of Florida,* 976 F. Supp.

21   1450, 1454 (S.D. Ala. 1997), citing *Burns v. Windsor Insurance Co.,* 31 F.3d 1092,

22   1096 (11th Cir. 1994).  It is not determined by "the low end of an open-ended

23   claim," but by "a reasonable reading of the value of the rights being litigated."

24   *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993); *see also Hart v. Washington*

25

26

27   [3]    "[A] corporation shall be deemed to be a citizen of any State by which it has
been incorporated and of the State where it has its principal place of business...."

28

1 | *State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443

2 | (1977).

3 |

4 | The amount-in-controversy requirement is met here because the

5 | aggregate amount in controversy for the alleged class exceeds the $5 million

6 | threshold for diversity jurisdiction under 28 U.S.C. § 1332(d) (the 2005 CLASS

7 | ACTION FAIRNESS ACT).

8 |

9 | The COMPLAINT defines the putative class as "[a]ll California citizens

10 | who purchased Sprint wireless service and were charged 'Sprint Surcharges'...."

11 | COMPLAINT, ¶ 14. While the COMPLAINT does not state an amount in controversy,

12 | Plaintiff Hershler approximates that there are at least tens of thousands of class

13 | members. COMPLAINT, ¶ 16. Indeed, there are well in excess of a million California

14 | citizens who purchased Sprint wireless service and were charged Sprint Surcharges.

15 | ANDREASEN DECL. ¶ 8. Given the amount of monthly Sprint Surcharges, "assuming

16 | that the allegations of the complaint are true and assuming a jury returns a verdict

17 | for the plaintiff on all claims made in the complaint," *Jackson*, 976 F. Supp at 1454,

18 | the aggregate amount in controversy for the class would far exceed $5 million.

19 | ANDREASEN DECL. ¶ 8. Thus, the total amount in controversy during the four-year

20 | period at issue in Hershler's complaint easily exceeds the $5 million threshold for

21 | federal jurisdiction under the 2005 CLASS ACTION FAIRNESS ACT.

22 |

23 | Finally, as a matter of common sense, Hershler's COMPLAINT meets the

24 | amount in controversy requirement. Hershler seeks disgorgement of all Surcharges

25 | that Sprint – a major telecommunications company – received over a four-year

26 | period from consumers in the most populated state in the United States. It is

27 | unimaginable that the amount is controversy is less than $5 million.

28 |

1    As a result, both of the predicates for diversity jurisdiction under 28
2  U.S.C. § 1332(d)—diversity of citizenship and more than $5 million in
3  controversy—exist.
4
5                                **III.**
6        **THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER**
7
8    Based on the foregoing, this action is a civil action over which this
9  Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), and is one that may
10 be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.
11
12   In accordance with the requirements of 28 U.S.C. § 1446(a), a copy of
13 the COMPLAINT and all other papers served on the Sprint Entities in the State Court
14 Action as of the filing of this NOTICE OF REMOVAL are attached hereto as
15 **EXHIBIT A**.
16
17   This NOTICE OF REMOVAL is filed within the time provided by 28
18 U.S.C. § 1446(b) because it has been filed within thirty (30) days after the first of
19 the Sprint Entities were served with a copy of the initial pleading in this action (i.e.,
20 December 16, 2009).  All of the Sprint Entities consent to removal.
21
22
23
24
25
26
27
28

# IV.

## CONCLUSION AND REQUESTED RELIEF

For all of the reasons set forth above, the Sprint Entities respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated:  January 15, 2010          SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
                    JAMES MITTERMILLER
                    FRED R. PUGLISI
                    FRANK POLEK
                    VALERIE E. ALTER
                    ELIZABETH S. BERMAN

                    Attorneys for Defendants
                    NEXTEL OF CALIFORNIA, INC., NEXTEL
                    SYSTEMS CORPORATION dba NEXTEL
                    LEASING SYSTEMS CORPORATION,
                    NEXTEL OPERATIONS, INC., and SPRINT
                    COMMUNICATIONS COMPANY, L.P.
                    and Specially Appearing Defendant
                    SPRINT NEXTEL CORPORATION

# DECLARATION

## DECLARATION OF SCOTT W. ANDREASEN IN SUPPORT OF
## DEFENDANTS' NOTICE OF REMOVAL

I, Scott W. Andreasen, hereby declare the following:

1.     I am over the age of 18 years and am fully competent to make this declaration.

2.     I hold the position of Assistant Secretary for Sprint Nextel Corporation, Nextel of California, Inc., Nextel Operations, Inc., Nextel Systems Corp. dba Nextel Leasing Systems Corp. and Sprint Communications Company L.P. (the "Sprint Entities"). In my role as Assistant Secretary for the Sprint Entities, I have personal knowledge of the information contained in this declaration based on records available to me as they are kept in the ordinary course of business, information obtained from other employees upon whom I regularly rely in the ordinary course of business, or my general knowledge of the business practices and corporate structure of Sprint Nextel Corporation and its subsidiaries.

3.     As of December 10, 2009, defendants NEXTEL OF CALIFORNIA, INC., NEXTEL SYSTEMS CORPORATION dba NEXTEL LEASING SYSTEMS CORPORATION and NEXTEL OPERATIONS, INC. were, and remain, Delaware corporations with their principal places of business in the State of Kansas.

1    4.    As of December 10, 2009, defendant SPRINT

2  COMMUNICATIONS COMPANY L.P. was, and remains, a Delaware limited

3  partnership with its principal place of business in the State of Kansas.  As of

4  December 10, 2009, the general and limited partners of SPRINT

5  COMMUNICATIONS COMPANY L.P. and their citizenship were, and remain, as

6  follows: US Telecom, Inc. is a Kansas corporation with its principal place of

7  business in the State of Kansas; UCOM, Inc. is a Missouri corporation with its

8  principal place of business in the State of Kansas; Utelcom, Inc. is a Kansas

9  corporation with its principal place of business in the State of Kansas; and Sprint

10  International Communications Corporation is a  Delaware corporation with its

11  principal place of business in Kansas.

12

13    5.    As of December 10, 2009, specially appearing defendant

14  SPRINT NEXTEL CORPORATION was and still is a Kansas corporation with its

15  principal place of business in the State of Kansas.

16

17    6.    Sprint's Information Technology Department manages Sprint's

18  computerized billing records.  These records are maintained by Sprint in the

19  ordinary course of its business and are relied on by Sprint to conduct its operations

20  throughout the United States, including the State of California.

21

22    7.    Sprint's Information Technology Department has examined

23  Sprint's billing records in order to obtain certain information relating to Sprint's

24  wireless customers with billing addresses in the State of California.

25

26    8.    Between December 10, 2005 and the present, Sprint had more

27  than a million wireless customers in the State of California who were assessed

28  monthly surcharges.  Simply multiplying the total number of putative class members

1   by a typical monthly surcharge leads to an aggregate amount in controversy far in
2   excess of $5 million.

3

4        I declare under penalty of perjury under that the foregoing is true and
5   correct.

6

7        Executed on January *15*, 2010 at *Overland Park*, Kansas.

8

9

10                                    Scott W. Andreasen

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** SPRINT NEXTEL CORPORATION, a
*(AVISO AL DEMANDADO):* Kansas Corporation, NEXTEL OF
CALIFORNIA, INC., a Delaware Corporation, NEXTEL
SYSTEMS CORPORATION dba NEXTEL LEASING SYSTEMS
CORPORATION, a Delaware Corporation, NEXTEL
OPERATIONS, INC., a Delaware Corporation, SPRINT
COMMUNICATIONS COMPANY, INC., a Delaware
Corporation, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ERIC HESSLER, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and all others similarly situated,

FOR COURT USE ONLY
SOLO PARA USO DE LA CORTE

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 1 0 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

[fine print notice text]

There are other legal requirements. [fine print]

AVISO! Lo han demandado. [Spanish fine print]

Tiene 30 DIAS DE CALENDARIO [Spanish fine print]

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES, CENTRAL DISTRICT
111 N. Hill Street
Los Angeles, CA 90012

**Case Number:**
**BC 427726**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Louis Kelly (SBN #82063)    (310) 536-1000  (310) 536-1001
KIRTLAND & PACKARD        JOHN A. CLARKE
2361 Rosecrans Avenue
El Segundo, CA 90245

DATE:
*(Fecha)*                    Clerk, by DAWN ALEXANDER, Deputy
                              *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [ ] on behalf of (specify): Nextel Operations, Inc.
   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date): 12-16-09

[SEAL] DEC 1 0 2009

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A PAGE 1

1  Michael Louis Kelly - State Bar No. 82063
   mlk@kirtlandpackard.com
2  Behram V. Parekh - State Bar No. 180361
   bvp@kirtlandpackard.com
3  Heather M. Peterson - State Bar No. 261303
   hmp@kirtlandpackard.com
4  KIRTLAND & PACKARD LLP
   2361 Rosecrans Avenue, Fourth Floor
5  El Segundo, California 90245
   Telephone: (310) 536-1000
6  Facsimile: (310) 536-1001

7  *Counsel for Plaintiff*
   *and all others similarly situated*

8

9

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 10 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF LOS ANGELES

12  ERIC HERSHLER, on behalf of himself and all      Case No.   BC 4 2 7 7 2 6
13  others similarly situated,
                                                     CLASS ACTION
14               Plaintiff,
                                                     COMPLAINT FOR:
15        v.
                                                     1. California False Advertising Act,
16  SPRINT NEXTEL CORPORATION, a Kansas               California *Business & Professions Code* §
    Corporation, NEXTEL OF CALIFORNIA,                17500 *et seq.*
17  INC., a Delaware Corporation, NEXTEL
    SYSTEMS CORPORATION dba NEXTEL                    2. California Unfair Competition Law,
18  LEASING SYSTEMS CORPORATION, a                    California *Business & Professions Code* §
    Delaware Corporation, NEXTEL                      17200 *et seq.*
19  OPERATIONS, INC., a Delaware Corporation,
    SPRINT COMMUNICATIONS COMPANY,                    3. California Consumer Legal Remedies Act,
20  INC., a Delaware Corporation, and DOES 1-50,      California *Civil Code* § 1770 *et seq.*
    inclusive,
21                                                    4. Unjust Enrichment
                 Defendants.
22                                                    5. Breach of Contract
23
                                                     JURY TRIAL DEMANDED
24

25                                                   BY FAX

26

27

28

    00264-00001   0137285.00
                                      COMPLAINT

EXHIBIT A   PAGE 2

1    Plaintiff Eric Hershler, on behalf of himself and all others similarly situated, allege as
2    follows.  Plaintiff's allegations are based on the investigation of counsel, and thus on information
3    and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal
4    knowledge.

5                                          **THE PARTIES**

6    1.    Plaintiff Eric Hershler is a citizen of California.  He purchased cellular service through
7          Sprint in Los Angeles County, California, was subject to undisclosed surcharges
8          complained of herein, and has suffered damage thereby.

9    2.    Defendant SPRINT NEXTEL CORPORATION, is a Kansas corporation and holding
10         company, doing business through various divisions and subsidiaries in Los Angeles
11         County, throughout California, and throughout the United States.

12   3.    Defendants NEXTEL OF CALIFORNIA, INC., NEXTEL SYSTEMS CORPORATION
13         dba NEXTEL LEASING SYSTEMS CORPORATION, NEXTEL OPERATIONS, INC.,
14         and SPRINT COMMUNICATIONS COMPANY, INC., are all subsidiaries of Sprint
15         Nextel Corp., are Delaware corporations, and are licensed to business, and are doing
16         business, in California.

17   4.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as
18         DOES 1-50, inclusive, and therefore sue such Defendants by such fictitious names.
19         Plaintiff is informed and believes, and upon such information and belief alleges, that each
20         of the DOE Defendants is in some manner legally responsible for the damages suffered by
21         Plaintiffs and the members of the class as alleged herein.  Plaintiff will amend this
22         complaint to set forth the true names and capacities of these Defendants when they have
23         been ascertained, along with appropriate charging allegations, as may be necessary.

24   5.    Sprint Nextel Corporation, it's subsidiary defendants, and DOE defendants are collectively
25         referred to herein as "Defendants" and/or "Sprint."

26                                 **JURISDICTION AND VENUE**

27   6.    This Court has jurisdiction over all causes of action asserted herein under the California
28         constitution.

02204-00001  0137292.01                          -2-
                                              COMPLAINT

EXHIBIT A PAGE 3

KIRTLAND & PACKARD LLP
LAW OFFICES

1   7.   Venue is proper in this County under California Civil Code § 1780(d) because this is a

2       county in which Defendants do business and in which the transactions complained of took

3       place.

4   8.   Defendants and other out of state participants can be brought before this Court pursuant to

5       California's "long-arm" jurisdictional statute.

6                                   **FACTUAL ALLEGATIONS**

7   9.   Sprint, under various trade names, sells wireless telephone service to consumers through

8       retail stores, and on-line through its website www.sprint.com.

9   10.  Although Sprint discloses to potential consumers the monthly charge for its services, once

10      consumers receive their bill, added on to such monthly charges are "Sprint Surcharges," the

11      details and amounts of which are not disclosed in Sprints' advertising nor disclosed as part

12      of the initial contract which Plaintiff and Class members agreed to.

13  11.  These "Sprint Surcharges" are defined by Sprint to be:

14          rates we *choose* to collect from you to help defray costs imposed on

15          us.  Surcharges are not taxes or amounts we are required to collect

16          from you by law.  Surcharges may include: Federal USF, regulatory

17          charges, administrative charges, gross receipts charges, and other

18          charges incurred to recover costs associated with governmental

19          programs. *The amounts, and the components used to calculate*

20          *Surcharge amounts, are subject to change.*

21      (emphasis added).

22  12.  Sprint's failure to disclose the details and amounts of these charges, which can add 10-20

23      percent to the total monthly bill charged to a consumer, as well as Sprint's unilateral

24      changing of the amounts and the components use to calculate such amounts, is in violation

25      of California law and results in consumers paying amounts significantly in excess to which

26      they agreed when signing up for Sprint service.

27  13.  Sprint further enforces these unjust surcharges by charging early termination fees to any

28      consumer who chooses to terminate their service rather than continue to pay these

EXHIBIT A PAGE 4

1    undisclosed Surcharges.

2                           **CLASS ACTION ALLEGATIONS**

3    14.   This action is properly maintainable as a class action.  Plaintiff brings this class action for

4          injunctive relief and damages on behalf of the following class:

5                      All California citizens who purchased Sprint wireless service and

6                      were charged "Sprint Surcharges," within the four years prior to the

7                      date of filing this Complaint (the "Class").

8    15.   Excluded from the class are governmental entities, Defendants, any entity in which

9          Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal

10         representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also

11         excluded from the Class is any judge, justice or judicial officer presiding over this matter

12         and the members of their immediate families and judicial staff.

13   16.   Numerosity: The proposed Class is so numerous that individual joinder of all its members

14         is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes

15         that the total number of Class members is at least in the tens of thousands and members of

16         the Class are numerous and geographically dispersed across California.  While the exact

17         number and identities of the Class members are unknown at this time, such information can

18         be ascertained through appropriate investigation and discovery.  The disposition of the

19         claims of the Class members in a single class action will provide substantial benefits to all

20         parties and to the Court.

21   17.   Common Question of Law and Fact Predominate: There are many questions of law and

22         fact common to the representative Plaintiff and the Class, and those questions substantially

23         predominate over any questions that may affect individual Class members.  Common

24         questions of fact and law include, but are not limited to, the following:

25               i.     Whether Defendants charge consumers Sprint Surcharges;

26               ii.    Whether Defendants fail to disclose the details and amounts of such

27                      Surcharges in their advertising;

28               iii.   Whether Defendants fail to disclose the details and amounts of such

EXHIBIT _A_ PAGE _5_

KIRTLAND & PACKARD LLP
LAW OFFICES

1    Surcharges at the time consumers enter into agreements for wireless service

2    through Sprint;

3    iv.    Whether Defendants charge consumers early termination fees if consumers

4    choose to terminate their service rather than pay these Surcharges; and

5    v.    Whether Defendants' conduct is protected activity.

6    18.    These common questions of law and fact predominate over questions that may affect

7    individual Class members in that the claims of all Class members for each of the claims

8    herein can be established with common proof.  Additionally, a class action would be

9    "superior to other available methods for the fair and efficient adjudication of the

10    controversy," because (1) Class members have little interest in individually controlling the

11    prosecution of separate actions because the individual damages claims of each Class

12    member are not substantial enough to warrant individual filings; (2) Plaintiff is not aware

13    of other lawsuits against Defendants commenced by or on behalf of members of the Class

14    as to this particular issue; and (3) because the disputed actions are common to all Class

15    members and because resolution of the claims of Plaintiff will resolve the claims of the

16    remaining Class, certification does not pose any manageability problems.

17    19.    **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class.

18    Plaintiff and all members of the Class have been similarly affected by Defendants' common

19    course of conduct since they all relied on Defendants' representations concerning Sprint's

20    wireless service and the billing and costs associated with such service.

21    20.    **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the

22    interest of the Class.  Plaintiff has retained counsel with substantial experience in handling

23    complex class action litigation.  Plaintiff and his counsel are committed to prosecuting this

24    action vigorously on behalf of the Class and have the financial resources to do so.

25    21.    **Superiority of Class Action:** Plaintiff and the members of the Class suffered and will

26    continue to suffer harm as a result of Defendants' unlawful and wrongful conduct.  A class

27    action is superior to other available methods for the fair and efficient adjudication of the

28    present controversy.  Class members have little interest in individually controlling the

KIRTLAND & PACKARD LLP

02204-00001  0137292.01

-5-

LAW OFFICES
KIRTLAND & PACKARD LLP

1   prosecution of separate actions because the individual damages claims of each Class

2   member are not substantial enough to warrant individual filings.  In sum, for many, if not

3   most, Class members, a class action is the only feasible mechanism that will allow them an

4   opportunity for legal redress and justice.

5   22.   Adjudication of individual class members' claims with respect to the Defendants would, as

6         a practical matter, be dispositive of the interests of other members not parties to the

7         adjudication, and could substantially impair or impede the ability of other class members

8         to protect their interests.

9                           **FIRST CAUSE OF ACTION**

10                       *Business and Professions Code§ 17500*

11                      (Violation of the False Advertising Act)

12                 (By Plaintiff and the Class against All Defendants)

13  23.   Plaintiff hereby incorporates, as if set forth in full, paragraphs 1-22 above.

14  24.   *Business and Professions Code* § 17500 provides that "[i]t is unlawful for any ...

15        corporation ... with intent ... to dispose of ... personal property ... to induce the public to

16        enter into any obligation relating thereto, to make or disseminate or cause to be made or

17        disseminated ... from this state before the public in any state, in any newspaper or other

18        publication, or any advertising device, or by public outcry or proclamation, or in any other

19        manner or means whatever, including over the Internet, any statement ... which is untrue or

20        misleading, and which is known, or which by the exercise of reasonable care should be

21        known, to be untrue or misleading...."

22  25.   Defendants mislead consumers by making untrue statements and failing to disclose what is

23        required as stated in the Code, as alleged above.

24  26.   As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff

25        and the members of the Class have suffered injury in fact and have lost money or property.

26  27.   The misleading and false advertising described herein presents a continuing threat to

27        Plaintiff and the Class in that Defendants persist and continue to engage in these practices,

28        and will not cease doing so unless and until forced to do so by this Court.  Defendants'

29        conduct will continue to cause irreparable injury to Plaintiff and the Class unless enjoined

EXHIBIT _A_ PAGE _7_

1    or restrained.

2                         **SECOND CAUSE OF ACTION**

3              **Business and Professions Code § 17200, et seq.**

4                 **(Violation of the Unfair Competition Law)**

5            **(By Plaintiff and the Class against All Defendants)**

6    28.   Plaintiff hereby incorporates, as if set forth in full, paragraphs 1-22 above.

7    29.   California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law"

8          or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes

9          any unlawful, unfair, or fraudulent business practice.

10   30.   The UCL imposes strict liability.  Plaintiff need not prove defendant intentionally or

11         negligently engaged in unlawful, unfair or fraudulent business practices—but only that such

12         practices occurred.

13   31.   The material misrepresentations, concealment, and non-disclosures by Defendants as part

14         of their marketing of wireless services, are unlawful, unfair, and fraudulent business

15         practices prohibited by the UCL.

16   32.   In carrying out such marketing, Defendants have violated the Consumer Legal Remedies

17         Act, the False Advertising Law, and various other laws, regulations, statutes, and/or

18         common law duties.  Defendants' business practices alleged herein, therefore, are unlawful

           within the meaning of the UCL.

19   33.   The harm to Plaintiff, the Class, and members of the public outweighs the utility of

20         Defendants' practices and, consequently, Defendants' practices, as set forth fully above,

21         constitute an unfair business act or practice within the meaning of the UCL.

22   34.   Defendants' practices are additionally unfair because they have caused Plaintiff and the

23         Class substantial injury, which is not outweighed by any countervailing benefits to

24         consumers or to competition, and is not an injury the consumers themselves could have

25         reasonably avoided.

26   35.   Defendants' practices, as set forth above, have misled the general public in the past and will

27         mislead the general public in the future.  Consequently, Defendants' practices constitute a

28         fraudulent business practice within the meaning of the UCL.

EXHIBIT A  PAGE 8

LAW OFFICES
KIRTLAND & PACKARD LLP

36.   Pursuant to Cal. Bus. & Prof. Code § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendants' wrongful misrepresentations and omissions have directly and seriously injured Plaintiff and the putative class by causing them to contract for wireless service with Defendants based upon false and misleading claims.

37.   The unlawful, unfair, and fraudulent business practices of Defendants are ongoing and present a continuing threat that members of the public will be misled into continuing to sign up for wireless service with Defendants.

38.   Pursuant to the UCL, Plaintiff and the Class are entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendant's revenues associated with their unfair competition, or such portion of those revenues as the Court may find equitable.

### THIRD CAUSE OF ACTION

### Civil Code § 1770, et seq.

### (Violation of the Consumer Legal Remedies Act)

### (By Plaintiff and the Class against All Defendants)

39.   Plaintiff hereby incorporates, as if set forth in full, paragraphs 1-22 above.

40.   The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code §1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

41.   More specifically, Plaintiff and the Class allege that Defendants have violated paragraph 9 of Cal. Civ. Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendants' unfair and deceptive business practices in carrying out the

LAW OFFICES
KIRTLAND & PACKARD LLP

EXHIBIT A   PAGE 9

1   marketing program described above were and are intended to and did and do result in the
2   purchase of Defendants' services by consumers, including Plaintiff and the Class, in
3   violation of the CLRA. Cal. Civil Code § 1770, *et seq.*

4   42.   As a result of Defendants' unfair and/or deceptive business practices, Plaintiff and all
5   purchasers of Defendants' products have suffered damage and lost money in that they paid
6   for products that did not have the benefits as represented. Plaintiff and the Class seek and
7   are entitled to an order enjoining Defendants from continuing to engage in the unfair and
8   deceptive business practices alleged herein.

9   43.   Pursuant to Section 1782 of the CLRA, Plaintiff notified Defendants in writing of the
10   particular violations of Section 1770 of the CLRA (the "Notice Letter"). Defendants have
11   failed to respond to such Notice Letter, much less comply with Plaintiff's demands, within
12   thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA.

13   **FOURTH CAUSE OF ACTION**

14   **Unjust Enrichment**

15   **(By Plaintiff and the Class against All Defendants)**

16   44.   Plaintiff hereby incorporates, as if set forth in full, paragraphs 1-22 above.

17   45.   Through the conduct described herein, Defendants have received money belonging to
     Plaintiff and the Class through the collection of Sprint Surcharges, detailed above. In
18   particular, Plaintiff and the Class paid Sprint Surcharges without sufficient disclosure by
19   Defendants and without an obligation to do so.

20   46.   Defendants have reaped substantial profit by misrepresenting and/or concealing the details
21   and amounts of such Surcharges at the time Defendants have advertised their services
22   and/or entered into agreements with Plaintiff and the Class. Defendants have benefitted
23   from the receipt of such money that they would not have received but for their
24   misrepresentation and/or concealment.

25   47.   As a direct and proximate result of Defendants' misconduct as set forth herein, Defendants
26   have been unjustly enriched.

27   48.   Under principles of equity and good conscience, Defendants should not be permitted to
28   keep the money belonging to Plaintiff and the Class that Defendants have unjustly received

LAW OFFICES
KIRTLAND & PACKARD LLP

02204-00001  0137292.01

-9-

COMPLAINT

EXHIBIT ___ PAGE ___

as a result of their actions.

## FIFTH CAUSE OF ACTION

### Breach of Contract

### (By Plaintiff and the Class against All Defendants)

49.   Plaintiff hereby incorporates, as if set forth in full, paragraphs 1-22 above.

50.   Plaintiff and Class members were in a contractual agreement with Defendants to receive cellular phone service at a set monthly rate and this rate was disclosed as part of the initial contract which Plaintiff and the Class agreed to.  Plaintiff and the Class were then, in exchange, to pay Defendants money each month for this agreed upon rate.

51.   Defendants failed to deliver Plaintiff and the Class cellular telephone service at the agreed upon rate.

52.   Defendants breached the contract with Plaintiff and the Class in overcharging for their cellular service by adding Sprint Surcharges that were not agreed to in the initial contract.

53.   Defendants' breach of contract proximately caused Plaintiff and Class members to sustain substantial losses in an amount to be proved at trial.

54.   Plaintiff provided notice of such breach of contract to Defendants in the Notice Letter that was sent on October 7, 2009.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the class, prays for relief and judgment as follows:

1.   For preliminary and permanent injunctive relief enjoining Defendants, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.   For certification of the putative class with costs of Notice to be borne by Defendants;

3.   For restitution and disgorgement of all money or property wrongfully obtained by Defendants by means of its herein-alleged business practices;

4.   For an accounting by Defendants for any and all profits derived by Defendant from

EXHIBIT A   PAGE 11

their herein-alleged business practices;

     5.     For damages;

     6.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5, the CLRA, and the common law private attorney general doctrine;

     7.     For costs of suit; and

     8.     For such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiffs demand a jury trial on all triable issues.

DATED: December 9, 2009              KIRTLAND & PACKARD LLP

By: _____
MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON

*Counsel for Plaintiffs and Class*

LAW OFFICES
KIRTLAND & PACKARD LLP

EXHIBIT A   PAGE 12

## AFFIDAVIT OF ERIC HERSHLER

I, Eric Hershler, submit this affidavit pursuant to §1780(d) of the Consumers Legal Remedies Act and declare the following:

1.     I am a Citizen of the State of California, and am one of the named plaintiffs in the Complaint filed herewith.

2.     Los Angeles County, California is a proper place for trial of this matter because it is a county in which Defendant Sprint does business.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed this 9 day of December, 2009, at _____ *2009 Los Angeles*, California.

_____
Eric Hershler

01204-00001  0137289 01

AFFIDAVIT

KIRTLAND & PACKARD LLP

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

EXHIBIT ___A___ PAGE ___14___

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

**FAMILY LAW (non-custody):**
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

**PROBATE:**
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Pay Panel** The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Pro Bono Panel** The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours (setting time per case). Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | |
|---|---|---|---|---|
| Antonovich | 42011 4th St. West | Num. | Lancaster, CA 93534 | (661) 974-7275 / (661) 974-7100 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818) 576-8598 / (818) 576-8597 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310) 603-3173 / (310) 223-0337 |
| Glendale | 600 E. Broadway | 275 | Glendale, CA 91206 | (818) 500-3190 / (818) 548-6470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562) 491-6272 / (562) 437-3062 |
| Norwalk | 12720 Norwalk Blvd. | 306 | Norwalk, CA 90650 | (562) 807-7243 / (562) 462-0519 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626) 356-5686 / (626) 356-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909) 620-3183 / (909) 620-3283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310) 519-6089 / |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310) 260-1632 / (310) 319-9193 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213) 974-5425 / (213) 633-0118 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310) 222-8701 / (310) 782-7725 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818) 374-2267 / (818) 902-2440 |

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

LAADR 005 (Rev. 07/09) (Pending Approval)
LASC Approved 10-09

Page 2 of 2

EXHIBIT A PAGE 15

**Superior Court of California, County of Los Angeles**
JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK

ALTERNATIVE DISPUTE RESOLUTION (ADR)

## ADR CASE REFERRAL INTAKE

[Please type or print clearly]

| Case Number: | | Courthouse: | | Dept: |
|---|---|---|---|---|
| Case Name: | | | | |

**Litigation Type:** ☒ Civil  ☐ Family Law  ☐ Probate  ☐ Other (specify):

**ADR Process:** ☐ MEDIATION  ☒ ARBITRATION  ☐ NEUTRAL EVALUATION  ☐ SETTLEMENT CONFERENCE

**Case Type** (See Page 2)          ADR Completion Date:

**Amount in Dispute:**

Plaintiff/Petitioner or attorney:
☐ $0-$25,000  ☐ $25,000-$125,000  ☐ $250,000-$500,000  ☐ $750,000-$1,000,000
☐ $125,000-$250,000  ☐ $500,000-$750,000  ☐ Over $1,000,000

Defendant/Respondent or attorney:
☐ $0-$25,000  ☐ $25,000-$125,000  ☐ $250,000-$500,000  ☐ $750,000-$1,000,000
☐ $125,000-$250,000  ☐ $500,000-$750,000  ☐ Over $1,000,000

**Party Pay Panel:**
☐ The parties select the following Neutrals in order of preference from the Court ADR Party Pay Panel and acknowledge they are undertaking a financial commitment in selecting a Party Pay Panel Neutral.

1) NAME: _____  NEUTRAL NO.: _____

2) NAME: _____  NEUTRAL NO.: _____

(Signature of plaintiff/petitioner or attorney) _____     (Signature of defendant/respondent or attorney) _____
☐ ADDITIONAL SIGNATURES LISTED ON ATTACHED PAGE

**Pro Bono Panel:**
☐ The parties understand that a Neutral from the Court ADR Pro Bono Panel will be assigned on a random basis (civil mediation and arbitration only).

NAME OF ASSIGNED NEUTRAL: _____     NEUTRAL NO.: _____

### PARTIES

| ATTORNEY NAME: | | ATTORNEY NAME: | |
|---|---|---|---|
| FIRM: | | FIRM: | |
| ADDRESS: | | ADDRESS: | |
| CITY: | STATE:   ZIP: | CITY: | STATE:   ZIP: |
| PHONE: (  ) | FAX: (  ) | PHONE: (  ) | FAX: (  ) |
| E-MAIL: | | E-MAIL: | |
| ATTORNEY FOR: | | ATTORNEY FOR: | |
| (party name)   (check type) | | (party name)   (check type) | |
| ATTORNEY NAME: | | ATTORNEY NAME: | |
| FIRM: | | FIRM: | |
| ADDRESS: | | ADDRESS: | |
| CITY: | STATE:   ZIP: | CITY: | STATE:   ZIP: |
| PHONE: (  ) | FAX: (  ) | PHONE: (  ) | FAX: (  ) |
| E-MAIL: | | E-MAIL: | |
| ATTORNEY FOR: | | ATTORNEY FOR: | |
| (party name)   (check type) | | (party name)   (check type) | |

☐ ADDITIONAL PARTIES LISTING ON PAGE 2 OF ADR

LAADR xxx (rev. xx/xx) (Pending Approval)
LASC Approved 10-06

Page 1 of 2

EXHIBIT ___A___   PAGE _16_

# ADR CASE REFERRAL INTAKE
(continued)

| Case Name: | Case Number: |
|---|---|
| | |

## CASE SELECTION CRITERIA:

| | CASE TYPE |
|---|---|
| ☐ | Antitrust/Trade Regulation |
| ☐ | Auto Tort - Personal Injury/Property Damage/Wrongful Death (not asbestos) |
| ☐ | Auto Tort - Uninsured Motorist - PI/PD/WD |
| ☐ | Civil Harassment |
| ☐ | Construction Defect |
| ☐ | Contract - Breach of Rental/Lease Contract (not insurance, UD, or wrongful eviction) |
| ☐ | Contract - Collections |
| ☐ | Contract - Contract/Warranty Breach - Seller Plaintiff (not insurance, fraud, or negligence) |
| ☐ | Contract - Contractual Fraud |
| ☐ | Contract - Insurance Coverage/Subrogation |
| ☐ | Contract - Negligent Breach of Contract/Warranty (not insurance or fraud) |
| ☐ | Contract - Other Breach of Contract/Warranty (not insurance, fraud, or negligence) |
| ☐ | Contract - Tortious Interference |
| ☐ | Declaratory Relief Only |
| ☐ | Elder/Dependent Adult Abuse |
| ☐ | Employment - Labor Commissioner Appeals |
| ☐ | Employment - Other (not wrongful termination or labor commissioner appeals) |
| ☐ | Employment - Wrongful Termination |
| ☐ | Family |
| ☐ | Injunctive Relief Only (not domestic/harassment) |
| ☐ | Non-PI/PD/WD Tort - Business/Commercial Tort (not fraud or breach of contract) |
| ☐ | Non-PI/PD/WD Tort - Civil Rights (e.g., discrimination, false arrest) |
| ☐ | Non-PI/PD/WD Tort - Defamation (slander, libel) |
| ☐ | Non-PI/PD/WD Tort - Fraud (no contract) |
| ☐ | Non-PI/PD/WD Tort - Intellectual Property |
| ☐ | Non-PI/PD/WD Tort - Legal Malpractice |
| ☐ | Other PI/PD/WD Tort - Asbestos |
| ☐ | Other PI/PD/WD Tort - (e.g., assault, vandalism, etc.) |
| ☐ | Other PI/PD/WD Tort - Intentional Infliction of Emotional Distress |
| ☐ | Other PI/PD/WD Tort - Medical Malpractice |
| ☐ | Other PI/PD/WD Tort - Premises Liability |
| ☐ | Other PI/PD/WD Tort - Product Liability (not asbestos, toxic/environmental) |
| ☐ | Partnership & Corporate Governance |
| ☐ | Probate |
| ☐ | Real Property - Eminent Domain/Condemnation |
| ☐ | Real Property - Mortgage Foreclosure |
| ☐ | Real Property - Quiet Title |
| ☐ | Real Property - Wrongful Eviction |
| ☐ | Real Property - Other |
| ☐ | Securities |
| ☐ | Toxic Tort/Environmental |
| ☐ | Workplace Harassment |
| ☐ | Writ of Mandate |

Do you need a neutral who accepts cases on short notice? ☐ Yes ☐ No

Jurisdiction Type: ☐ Unlimited ☐ Limited

Language ability needed other than English: ____________________

ADA Accommodations:

☐ Accessible parking
☐ Accessible elevators
☐ Accessible public phones
☐ Accessible tables/counters
☐ Accessible entrance
☐ Accessible restrooms
☐ Accessible listening devices
☐ Other (specify): ____________________

Location: Zip Code: ______________ City: ____________________

LAADR 033 (Rev. 07/09) (Pending Approval)
LASC Approved 10-04

EXHIBIT A PAGE 17

# ADR CASE REFERRAL INTAKE
### (continued)

(This Form Must Be Completed In Detail)

| Case Name: | | Case Number: |
|---|---|---|

| ATTORNEY NAME: | ATTORNEY NAME: |
|---|---|
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:          STATE:    ZIP: | CITY:          STATE:    ZIP: |
| PHONE: (   )          FAX: (   ) | PHONE: (   )          FAX: (   ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name) | (party name) |
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:          STATE:    ZIP: | CITY:          STATE:    ZIP: |
| PHONE: (   )          FAX: (   ) | PHONE: (   )          FAX: (   ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name) | (party name) |
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:          STATE:    ZIP: | CITY:          STATE:    ZIP: |
| PHONE: (   )          FAX: (   ) | PHONE: (   )          FAX: (   ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name) | (party name) |
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:          STATE:    ZIP: | CITY:          STATE:    ZIP: |
| PHONE: (   )          FAX: (   ) | PHONE: (   )          FAX: (   ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name) | (party name) |

To obtain additional case information, visit Case Summaries at www.lasuperiorcourt.org

LAADR 039 (Rev. 07/08) (Pending Approval)
LASC Approved 10-08

EXHIBIT A PAGE 18

| NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

**Name of Stipulating Party**
☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

LACIV 833 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT A   PAGE 20

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____   BC 427726

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Amelia Wonza | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Pending Assignment | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Carl J. West* | 311 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE
Page 1 of 2

EXHIBIT A PAGE 21

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statement of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

EXHIBIT A PAGE 22

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly (SBN 82063)<br>KIRTLAND & PACKARD LLP<br>2361 Rosecrans Avenue<br>Fourth Floor<br>El Segundo, CA 90245<br>TELEPHONE NO: (310) 536-1000  FAX NO.: (310) 536-1001<br>ATTORNEY FOR (Name): Plaintiff and all others similarly sit | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>DEC 1 0 2009<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>DAWN ALEXANDER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: HERSHLER v. SPRINT NEXTEL CORPORATION, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 4 2 7 7 2 6 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries; or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 5
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case.

Date: December 10, 2009
Michael Louis Kelly (SBN 82063)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Legal Solutions Ca. Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

EXHIBIT A   PAGE 23

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ—Administrative Mandamus
Writ—Mandamus on Limited Court
Case Matter
Writ—Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal—Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

EXHIBIT A  PAGE 24

| SHORT TITLE: HERSHLER v. SPRINT NEXTEL CORPORATION, et al. | CASE NUMBER: BC427726 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [X] YES   TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** — Auto (22) | [ ] | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] | A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** — Asbestos (04) | [ ] | A6070 Asbestos Property Damage | 2. |
| | [ ] | A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | [ ] | A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] | A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | [ ] | A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] | A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | [ ] | A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | [ ] | A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | [ ] | A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** — Business Tort (07) | [X] | A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | [ ] | A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | [ ] | A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | [ ] | A6013 Fraud (no contract) | 1., 2., 3. |

BY FAX

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

EXHIBIT A PAGE 25

| SHORT TITLE: HERSHLER v. SPRINT NEXTEL CORPORATION, et al. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals. | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

CIVIL CASE COVER SHEET ADDENDUM                     LASC, rule 2.0

EXHIBIT A PAGE 26

| SHORT TITLE: HERSHLER v. SPRINT NEXTEL CORPORATION, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)        **CIVIL CASE COVER SHEET ADDENDUM**        LASC, rule 2.0

EXHIBIT A  PAGE 27

| SHORT TITLE: HERSHLER v. SPRINT NEXTEL CORPORATION, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 11845 W. Olympic Blvd. |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90064 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>SUPERIOR COURT OF CALIFORNIA</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>December 12, 2009</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Michael Louis Kelly

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

EXHIBIT <u>A</u> PAGE 28

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, California 90067-6017.

On **January 15, 2010**, I served the following document(s) described as: **(1) DEFENDANTS' NOTICE OF REMOVAL OF ACTION AND; (2) DECLARATION OF SCOTT W. ANDREASEN IN SUPPORT THEREOF** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Michael Louis Kelley, Esq.
Behram V. Parekh, Esq.
Heather M. Peterson,, Esq.
KIRKLAND & PACKARD LLP,
2361 Rosecrans Avenue, Fourth Floor
El Segundo, California, 90245.

☐   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT DELIVERY:**  I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☒   **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐   **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 15, 2010, at Los Angeles, California.

_____
Xavier Maurice

W02-WEST:2XFM1\402423680.1

-1-